IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:98-CR-329-03 (RCL) |
| | § | |
| SAMUEL CARSON | § | |

**SUPPLEMENTAL BRIEF TO MOTION TO VACATE AFTER <u>JOHNSON</u> DECISION**

Pursuant to the Rules Governing Section 2255 cases, Defendant Samuel Carson hereby files this SUPPLEMENTAL BRIEF TO MOTION TO VACATE through his counsel, Kira Anne West, and hereby supplements his previously filed motion pursuant to 28 U.S.C. § 2255 with a claim in light of the Supreme Court's ruling *in Johnson v. United States*, 135 S. Ct. 2551 (2015).   On June 24, 2016, Mr. Carson filed through his counsel a supplement to the § 2255 within one year of the Supreme Court's decision in *Johnson* and stated that he would be filing additional briefing in this regard.[1]  This is that supplemental brief. Unfortunately, the Supreme Court has not yet rendered the opinion in *Dimaya v. Lynch*, No. 15-1498.

Mr. Carson was convicted  at trial in 2001 of violations of the following statutes: 21 U.S.C. §846, Conspiracy to PWID; 18 USC §§ 1962(d) & 1963(a), RICO conspiracy; 18 U.S.C. §1959(a)(1), violent crime/murder in aid of racketeering activity in violation of 27 M.D. Code §§407 and 410 (Chrishuahna Gladden, Alonzo Gaskins & Darnell Mack &

---

[1] Undersigned counsel filed an unopposed motion to file out of time this supplemental brief on May 9, 2017. <u>See</u> Dkt # 1189.

Melody Anderson); 18 U.S.C. §2, Aiding and Abetting; 18 U.S.C. §924(c)(1)(A)(i), use of a firearm during and in relation to a crime of violence or a drug trafficking crime; 22 D.C. Code §2401 & §3202[2], First Degree Murder while armed (Maurice Hallman, Leonard Hyson, Teresa Thomas, Terita Lucas, Anthony Fortune,  & Chrishauna Gladden); 22 D.C. Code §501 & §3202, Assault with intent to kill while armed; 22 D.C. Code  §2101 & §3202, kidnapping while armed; and,  22 D.C. Code §3204(b), possession of a firearm during a crime of violence. [3]

Mr. Carson challenges his conviction for using a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c).[4]   Mr. Carson's claim is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."   It appears after review of the PSR, the verdict

---

[2] The indictment charges a crime of violence, specifically, Murder in aid of racketeering activity of Darnell Mack in Count 33, of 27 M.D. Code, Sections 407 and 410. See page 89-90, Superseding indictment, 3/25/99, Dkt #142.

[3] On 1/04/2001, Dkt #517, the Government filed a "RETYPED INDICTMENT" for SAMUEL CARSON. It renumbered the charges to: "Former count 1s is now count 1rs. Former count 2s is now count 2rs. Former count 5s is now count 4rs. Former count 6s is now count 5rs. Former count 7s is now count 6rs. Former count 8s is now count 7rs. Former count 23s is now count 13rs. Former count 29s is now count 16rs. Former count 30s is now count 17rs. Former count 42s is now count 26rs. Former count 43s is now count 27rs. Former count 44s is now count 28rs. Former count 45s is now count 29rs. Former count 46s is now count 30rs. Former count 47s is now count 31rs. Former count 48s is now count 32rs. Former count 49s is now count 33rs. Former count 50s is now count 34rs. Former count 51s is now count 35rs. Former count 53s is now count 36rs. Former count 54s is now count 37rs. Former count 55s is now count 38rs. Former count 56s is now count 39rs. Former count 57s is now count 40rs. Former count 58s is now count 41rs. Former count 61s is now count 42rs. Former count 62s is now count 43rs. Former count 63s is now count 44rs. Former count 64s is now count 45rs. Former count 65s is now count 46rs. Former count 66s is now count 47rs. Former count 67s is now count 48rs. Former count 68s is now count 49rs. Former count 71s is now count 50rs. Former count 72s is now count 51rs. Former count 73s is now count 52rs. Former count 74s is now count 53rs. Former count 75s is now count 54rs. Former count 76s is now count 55rs.  Former count 78s is now count 56rs. Former count 79s is now count 57rs.  Former count 80 is now count 58rs." Unfortunately, this renumbered system of counts does not line up with the verdict form or the PSR.

[4] The standard of review is for plain error, that is, (1) whether an error occurred, (2) it was a clear error, (3) the error affected appellants' substantial rights, and (4) the error seriously affected the fairness of the proceedings.  *United States v. Sheffield*, 832 F.3d 296, 311 (DC Cir. 2016).

form, the superseding indictment, and the pacer order of sentencing that there are at least

five challengeable 924(c) convictions, some of which are predicated on RICO

murder/RICO assault and others of which are likely predicated on them because of

language in the original indictment.   Three are addressed here.   Mr. Carson argues that

all his 924(c) convictions based on a crime of violence are invalid because RICO

murder/assault, which are really based on the Maryland murder/assault statute, are not

crimes of violence.

**Carson's convictions on Counts 35[5], 36, and 37[6], for use of a firearm during a crime of violence, must be set aside, because First Degree Murder under the Maryland Criminal Code does not qualify as a crime of violence.**

### A.  Convictions at Issue

On the whole, Carson was charged and convicted on several counts and found not

guilty on a few counts.   There are several 924(c) convictions, some of which are

predicated on RICO murder/RICO assault and some that are not. After an exhaustive

review of the PSR, original, superseding and retyped indictments, transcript review of the

jury charge, the verdict form[7] and pacer entries, it is unclear exactly which counts those

are.   However, we argue that the Maryland 924(c) counts are invalid because RICO

---

[5] According to the "retyped indictment", docket entry 517, former count 29 is now count 16rs.   Undersigned counsel could not find this count. It may be a part of a later "retyped indictment" filed on 10/03/2001(after the jury verdict). See Dkt # 760.

[6] These are the numbered counts on the verdict form which correspond with counts 48(64), 49(65) and 50(66) of the superseding indictment of 3/25/99.   These counts do line up with the counts listed in the PSR as 924(c) offenses as counts 35, 36, and 37. A docket entry(with no number) for 1/31/2002 describing Carson's sentencing lists numerous counts as dismissed including counts 47, 48 and 49.

[7] *See* Dkt #810.

murder/assault, which are predicated on the Maryland murder/assault are not crimes of violence.[8]

The crime of violence referenced in Counts 35, 36, and 37 of the final superseding indictment, Dkt. #142, was Murder in Aid of Racketeering the activity (being the murder of) of Alanzo Gaskins, Darnell Mack and Melody Anderson, also known throughout the proceedings as the "triple murder."  Carson was charged and convicted of RICO Murder under 27 Maryland Code Sections 407 and 410, also known as Chapter 2-201, and Title 18 U.S.C. Section 1959(a)(1).

Carson was sentenced to "Life on Counts 1rss2rrs, 22rrs, 25rrs, 26rrs and 27rrs; all counts to run concurrently…; and sentenced on counts…35rrs, 36rrs, and 37rrs to 20 years, to run consecutively to each other and to counts 4rrs-8rrs."  The convictions on counts 35, 36 and 37 must be set aside as well as any other counts that can be determined to have as their basis an alleged crime of violence, that being Maryland first degree murder.

### B.  Statutes Involved

18 USC §924(c)(1)(A), in pertinent part, provides:

> . . . any person who, during and in relation to a crime of violence. . .
> for which the person may be prosecuted in a court of the United
> States, uses or carries a firearm, or who, in furtherance of any such
> crime, possesses a firearm, shall, in addition to the punishment
> provided for such crime of violence. . . . . .
> > (I) be sentenced to a term of imprisonment of not less than 5
> > years;
> > (ii) if the firearm is brandished, be sentenced to a term of
> > imprisonment of not less than 7 years; and

---

[8] A 924(c) offense cannot be based upon a D.C. Code offense.  *See United States v. Brown,* 58 F.Supp. 3d 115 (D.D.C 2014)(J. Leon). Therefore, those counts in which Carson was convicted of 924(c) offenses based upon a D.C. Code violation are not addressed here.

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 USC §924(c)(3) defines "crime of violence" as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and-
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Armed Career Criminal Act (ACCA), referred to in numerous cases relied on

*infra,* relevantly defines "violent felony" in 18 U.S.C. §924(e)(2)(B), as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that --
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 USC Section 924(c)(3)(A) is referred to as the force clause.  Section

924(c)(3)(B) is referred to as the residual clause.   Section 924(c)(3)(A) is identical to the

force clause in the ACCA (Section 924(e)(2)(B)(i)).   Section 924(c)(3)(B) is not

identical but very similar to the residual clause in the ACCA (Section 924(e)(2)(B)(ii).

We address each in turn.

Carson's 924(c) convictions were charged in conjunction with 18 U.S.C. Section

1959(a)(1), known as violent crime in aid of racketeering, and First Degree Murder in

Maryland.

**C. Maryland first-degree murder is not a crime of violence under § 924(c)'s force clause because it does not require the use, attempted use, or threatened use of violent physical force.**

In determining whether an offense qualifies as a "crime of violence" under the "force" clause of 18 USC Section 924(c), that is, 924(c)(3)(A), sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)(so concluding with respect to the language in the ACCA, that is , Section 924(e)(2)(B)(i), which - as set out just above - defines "violent felony" identically to the definition of "crime of violence" in 924(c)(3)(A)); *United States v. Redrick*, 841 F.3d 478, 481-82 (D.C. Cir. 2016)(examining the "violent felony" definition in 924(e)(2)(B)(i) in the course of employing the categorical approach);  *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013)(same).

Although *Descamps* involved the categorical approach as applied to the ACCA, that is, 18 USC 924(e)(2)(B)(i), this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c)), because, as noted above, "crime of violence" is defined identically.  *See United States v. Fuertes*, 805 F.3d 485, 497-500 (4th Cir. 2015)(employing categorical approach in addressing §924(c)).

This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Redrick, supra,* at 481-482 ; *Royal*, 731 F.3d at 341-42. In addition, as this Court wrote in *Redrick,*  at 482,

> Normally, in asking whether a prior crime qualifies as a violent felony, we look at the state or federal statute under which a defendant has been convicted and ask simply whether the *elements* of the prior crime meet the Act's definitions of a violent felony. If a prior conviction is based on a statute that sweeps more broadly than this federal definition -- let us say, a conviction could be based on a minor battery -- such a conviction cannot qualify as a violent felony under the force

clause. *See, e.g.,* [*Curtis Johnson v. United States,* 559 U.S. 133, 141 (2010)] ;
*Descamps v. United States,* 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013).

As a result, post-*Curtis Johnson* and *Descamps*, for an offense to qualify as a "crime
of violence" under the "force" clause, the offense must have an element the use,
attempted use, or threatened use of "physical force" against another person. 18 U.S.C. §
924(c)(3)(A). And "physical force" means "*violent* force—that is force capable of
causing physical pain or injury to another person." *Curtis Johnson v. United States*,
*supra,* at 140(emphasis in original);   *Redrick*, *supra,* at 481 (following *Curtis Johnson* in
an ACCA, that is, 18 U.S.C, §§924(e) case).

In certain limited circumstances, when a statute of conviction "list[s] elements in the
alternative, and thereby define[s] multiple crimes," *i.e.*, the statute is "divisible," the
Court may use a "modified categorical approach." *Mathis*, 136 S. Ct. at 2249.  Under
this modified approach, "a sentencing court [may] look[] to a limited class of documents
(for example, the indictment, jury instructions, or plea agreement and colloquy) to
determine what crime, with what elements, a defendant was convicted of." *Id*.
Importantly, however, this approach may be used only for statutes "that list[] multiple
elements disjunctively," as opposed to those that "instead . . . enumerate[] various factual
means of committing a single element." *Id*.; *see id.* at 2253 ("[A] statute's listing of
disjunctive *means* does nothing to mitigate the possible unfairness of basing an increased
penalty on something not legally necessary to a prior conviction." (emphasis added));
*Descamps*, 133 S. Ct. at 2282 ("[S]entencing courts may *not* apply the modified
categorical approach when the crime of which the defendant was convicted as a single,
indivisible set of elements." (emphasis added)).  Thus, a court may *not* apply "the
modified categorical approach to determine the means by which [a defendant] committed

his prior crimes[:]"  "the modified approach serves—and serves solely—as a tool to

identify the elements of the crime of conviction when a statute's disjunctive phrasing

renders one (or more) of them opaque." *Mathis*, 136 S. Ct. at 2253.

As detailed below, Maryland first-degree murder fails to qualify as a "crime of

violence." The Maryland statute defines first-degree murder as a murder that is:

> (1) a deliberate, premeditated, and willful killing; (2) committed by lying in wait;
> (3) committed by poison; or (4) committed in the perpetration of or an attempt to
> perpetrate (i) arson in the first degree; (ii) burning a barn, stable, tobacco house,
> warehouse, or other outbuilding that: 1. is not parcel to a dwelling; and 2. contains
> cattle, goods, wares, merchandise, horses, grain, hay, or tobacco; (iii) burglary in
> the first, second, or third degree; (iv) carjacking or armed carjacking; (v) escape
> in the first degree from a State correctional facility or a local correctional facility;
> (vi) kidnapping under § 3-502 or § 3-503(a)(2) of this article; (vii) mayhem; (viii)
> rape; (ix) robbery under § 3-402 or § 3-403 of this article; (x) sexual offense in
> the first or second degree; (xi) sodomy; or (xii) a violation of § 4-503 of this
> article concerning destructive devices.
> Md. Code Ann., Crim. Law § 2-201.

Despite the alternative methods of committing murder in Maryland, murder is a

single common law offense divided into degrees by statute. *Sifrit v. State*, 857 A.2d 88,

100 (Md. 2004); *Burch v. State*, 696 A.2d 443, 454 (Md. 1997). The first-degree murder

statute is indivisible as it simply sets forth alternative methods of committing a single

offense. "[A] conviction of first degree murder may be proved *either* by showing

deliberation, wilfulness and premeditation (premeditated murder), or by showing a

homicide committed in the perpetration, or attempted perpetration, of one of the

enumerated felonies (felony murder).  There is but one offense–murder in the first

degree–but that offense may be committed in more than one way. . . . There is no

requirement . . . that a charging document must inform the accused of the specific theory

on which the State will rely." *Ross v. State*, 519 A.2d 735, 737 (Md. 1987).  The

constitutionality of such a procedure was addressed in *Schad v. Arizona*, 501 U.S. 624

(1991).   There, the Supreme Court upheld against a due process challenge a general verdict of guilt as to first degree murder, where "the Arizona Supreme Court has effectively decided that, under state law, premeditation and the commission of a felony are not independent elements of the crime, but rather are mere means of satisfying a single *mens rea* element."   *Id.* at 637, 645.

First-degree murder in Maryland is not categorically a crime of violence under the force clause because the statute sweeps within it much conduct that does not include "as an element the use, attempted use, or threatened use," 18 U.S.C. Section 924(c)(3)(A), of violent physical force. For example, a person can commit first degree murder, that is, "a deliberate, premeditated, and willful killing,"  Md. Code Ann., Crim Law, §2-201(1), in many ways that do not require violent physical force, such as by poisoning, trickery, or withholding life-saving medication or sustenance.  Murder by poisoning is also first-degree murder under Maryland law as set out separately in Md. Code Ann. Crim Law, §2-201(3).   Likewise, many offenses such as burglary and escape that result in death, Md. Code Ann. Crim. Law, §§2-201(4), count as first-degree murder under Maryland law.

As mentioned just above, "(i)f a prior conviction is based on a statute that sweeps more broadly than this ("violent felony") definition … such a conviction cannot qualify as a violent felony under the force clause."  *Redrick, supra,* at 482.  "[W]hen a statute allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence.".  *Fuertes*, *supra,* at 498. *See Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) (New York reckless assault with a dangerous weapon statute failed to qualify as a "crime of violence" under the 18 U.S.C. §16(a) force clause

–which is identical to the §924(c) force clause – because it did not have an element requiring the "intentional employment of physical force.")

Mr. Carson was sentenced on January 31, 2002. He did not raise the foregoing issue in the District Court.    There was no procedural default because it was impossible for his counsel to know about this issue. First, *Redrick*  and *Sheffield, supra,* relied on here, were both decided in 2016, and how Maryland First Degree murder was to be analyzed in this context had never (as far as undersigned counsel knows) been addressed.   Second, given that the residual clause would have remained available, *see infra,* until  *Johnson v. United States,* 135 S.Ct.2551 (2015),  was decided on June 26, 2015, the argument would have been futile. And *Welch v. United States*, 136 S.Ct. 1257 (2016), where the Court ruled that *Johnson* applied retroactively, was not decided until April 18, 2016, almost a year later.  Third, the district court had no jurisdiction over the §924(c) count because the charge affirmatively alleged conduct that post-Johnson is outside the sweep of §924(c). *See United States v. Brown,* 752 F.3d 1344, 1352 (11th Cir. 2014).   Finally, as long as the error is plain as of the time of direct appellate review, the error is "plain" within the meaning of Rule 52(b), F.R.Crim.P., even though it was not brought to the trial court's attention.   *Henderson v. United States*, 133 S.Ct. 1121, 1124-25 (2013).   In consequence, as in *Henderson*,  *Redrick*, and *Sheffield*, the error here is clear error that substantially affected Carson's rights and seriously affected the fairness of the proceedings.

### D.  Section 924(c)(3)'s residual clause is unconstitutionally vague and thus cannot support a conviction under the statute.

Since Maryland murder, given that it can be accomplished by non-violent means, fails to qualify as a "crime of violence" under § 924(c)(3)'s force clause, the remaining

question is whether the offense can qualify as a "crime of violence" under § 924(c)(3)'s residual clause. Three binding authorities, *Johnson v. United States,* 135 S.Ct.2551 (2015), *United States v. Sheffield*, 832 F.3d 296 (D.C.Cir. 2016), and *Redrick*, *supra*, address analogous residual clauses. As noted above, the clause in the ACCA, §924(e)(2)(B)(ii) reads: "(B) the term 'violent felony' means any crime ... that – ... (ii) ... otherwise involves conduct that presents a serious potential risk of physical injury to another ..." The Court in *Johnson* found this clause unconstitutionally vague. 135 S.Ct. at 2563. *Redrick*, another ACCA case, noted that the *Johnson* court had done so. *Id.*\*4. The residual clause at issue in *Sheffield* was in then Sentencing Guideline 4B1.1(b), which defined a "crime of violence" again as one that "otherwise involves conduct that presents a serious risk of physical injury to another." The Circuit Court also found this clause unconstitutionally vague. *Sheffield*, *supra*, at 312-313.

The statutory phrase at issue in this case is essentially the same as the ACCA and Sentencing Guideline 4B1.1(b) residual clauses. To be sure, 18 U.S.C. § 924(e)(2)(B)(ii), Guideline 4B1.1(b), and 18 U.S.C. § 924(c)(3)(B) are not identical. But the differences have no impact on the constitutional analysis. Although the risk at issue in the ACCA and Guideline 4B1.1 is a "serious risk of potential physical injury to another," and the risk at issue in Section 924(c) is a "substantial risk that physical force against the person or property of another may be used," this difference is too minor to distinguish this case from *Johnson*, *Sheffield*, or *Redrick*. In consequence, the residual clause in § 924(c)(3)(B) cannot be used to support a conviction under § 924(c).

Carson did not raise the residual clause issue in the District Court at his sentencing. At that time, however, the issue was settled contrary to his present

argument because *Johnson*, overruling, among other cases *James v. United States*, 550 U.S. 192 (2007), was not decided until June 26, 2015.   And, as previously noted, in *Welch v. United States*, 136 S.Ct. 1257 (2016), where the Court ruled that *Johnson* applied retroactively, was not decided until April 18, 2016.  So, the error here is a clear error that substantially affected Carson's rights and seriously affected the fairness of the proceedings.

In certain limited circumstances, when a statute of conviction "list[s] elements in the alternative, and thereby define[s] multiple crimes," *i.e.*, the statute is "divisible," the Court may use a "modified categorical approach."  *Mathis*, 136 S. Ct. at 2249.  Under this modified approach, "a sentencing court [may] look [] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Id.* Importantly, however, this approach may be used only for statutes "that list[] multiple elements disjunctively," as opposed to those that "instead . . . enumerate[] various factual means of committing a single element."  *Id.*; *see id.* at 2253 ("[A] statute's listing of disjunctive *means* does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction." (emphasis added)); *Descamps*, 133 S. Ct. at 2282 ("[S]entencing courts may *not* apply the modified categorical approach when the crime of which the defendant was convicted as a single, indivisible set of elements." (emphasis added)).  Thus, a court may *not* apply "the modified categorical approach to determine the means by which [a defendant] committed his prior crimes[:]"  "the modified approach serves—and serves solely—as a tool to

identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Mathis*, 136 S. Ct. at 2253.

Wherefore, Mr. Carson respectfully requests that his 924(c) convictions be vacated.

Respectfully submitted,

_____/s/_____
Kira Anne West
1325 G Street, NW
Suite 500
Washington, D.C. 20005
D.C. Bar No. 993523
202-236-2042
kiraannewest@gmail.com
Attorney for Samuel Carson

**Certificate of Service**

I hereby certify that on this 12th day of June, 2017, a true and correct copy of the foregoing Defendant's Motion was served via the ECF system on the other counsel registered with ECF in this matter and a copy sent to Mr. Carson as well.


/s/_____
Kira Anne West